UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARIO DICKSON TAPIA-GONZALEZ,

               Petitioner,

v.

R. THOMPSON,

               Respondent.

Civil Action No: 24-10564 (SDW)

**WHEREAS OPINION**

January 13, 2025

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Petitioner Mario Dickson Tapia-Gonzalez's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1); and

    **WHEREAS** Petitioner alleged that the Federal Bureau of Prisons (BOP) had illegally removed good conduct credits that had been applied to his sentence pursuant to the First Step Act. (ECF No. 1 at 1-2). He further asserted that the BOP had "mistakenly and illegally determined that [he had] a final order of deportation." (*Id.* at 6); and

    **WHEREAS** at the direction of the Court, Respondent R. Thompson, Warden of FCI Fort Dix, filed an answer on December 26, 2024. (ECF No. 4). Respondent requested the Court to dismiss the petition as moot because the BOP had reviewed Petitioner's file and concluded that he only had an immigration detainer, not a final order of removal. (ECF No. 4-1 ¶ 8.) Accordingly, the BOP applied the good conduct credits and recalculated Petitioner's sentence. (*Id.* ¶¶ 9-10); and

    **WHEREAS** the recalculation adjusted Petitioner's expected release date from August 21, 2025 to December 24, 2024. (*Id.* ¶ 10). Petitioner was released from BOP custody on December

1

23, 2024.  (*Id.* ¶ 11); and

**WHEREAS** federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved.  *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'"  *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)); and

**WHEREAS** Petitioner has received his requested relief and been released from BOP custody.  The Court can grant no further relief pursuant to § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time.  *United States v. Johnson*, 529 U.S. 53 (2000); *DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting *Johnson*)); therefore,

Petitioner's habeas corpus petition is **DISMISSED AS MOOT**.  An appropriate order follows.

 

_____
**SUSAN D. WIGENTON, U.S.D.J.**